UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GEORGE VILLANUEVA,

                         Petitioner,                              **MEMORANDUM & ORDER**

         -against-                                                18 CV 370 (RJD)

SUPERINTENDENT GERALD JONES,

                         Respondent.
-------------------------------------------------------x
DEARIE, District Judge.

      Petitioner George Villanueva seeks habeas relief pursuant to 28 U.S.C. § 2254 from a

2012 judgment, obtained after trial in Kings County Supreme Court, convicting him of second-

degree aggravated manslaughter and aggravated criminal contempt.  Petitioner's girlfriend called

police to report that he had violated an order of protection by coming to her residence and

threatening her over the telephone.  Petitioner's girlfriend came down to try to talk to him, but

things "got physical" when petitioner grabbed her by the hair and dragged her.  ECF No. 6-2 at

270.  Petitioner had left by the time police arrived.  His girlfriend rode with officers to his home.

      At petitioner's apartment, officers spoke with his father, confirmed that he was home, and

entered the building with his father's consent.  The officers then brought petitioner out onto the

landing at the top of the stairway in front of the apartment.  As the officers tried to put petitioner

in handcuffs, one of them was pushed off the landing.  The officer fell approximately eight feet,

landed on his head, and later died from his injuries.

      Petitioner was charged with aggravated murder, aggravated manslaughter in the first and

second degrees, aggravated criminally negligent homicide, assault on a police officer, aggravated

criminal contempt, criminal contempt in the first degree, and assault in the third degree.  The

homicide counts were considered "aggravated" because they involved the death of a police

officer.  The jury acquitted petitioner of aggravated murder but convicted him of first-degree

aggravated manslaughter and aggravated criminal contempt.  Petitioner was sentenced as a

persistent felony offender to consecutive prison terms of twenty-five years to life imprisonment

on the manslaughter count, and three-and-a-half to seven years on the criminal contempt count.

On direct appeal, petitioner argued (as relevant here) that (1) the evidence was

insufficient to convict him of manslaughter, (2) the trial court deprived him of his due process

rights by allowing the introduction of prior bad acts evidence, and (3) the jury's verdict was

against the weight of the evidence.  See ECF No. 6-1 at 1–73.  The Appellate Division held that

while the evidence was sufficient to support the jury's verdict, the weight of the evidence

required that the first-degree manslaughter conviction be downgraded to second-degree

manslaughter, which requires a showing of recklessness instead of intent to seriously injure.

People v. Villanueva, 136 A.D.3d 1068, 1068–69 (2d Dep't 2016).  The court rejected all of

petitioner's other arguments as unpreserved or meritless.  Id.

Petitioner then moved the trial court for post-conviction relief under N.Y. Crim. Proc.

Law § 440.10, arguing that his trial counsel was ineffective for failing to attempt to suppress

evidence obtained during an allegedly illegal arrest or to challenge the introduction of prior bad

acts evidence.  ECF No. 6-1 at 127–33.  The § 440 court rejected those claims as procedurally

barred and meritless, id. at 147–49, and the Appellate Division denied leave to appeal.  ECF No.

6 at 4.

In this habeas proceeding, where petitioner is represented, he raises three claims.  See

ECF No. 1-1.  First, petitioner argues that the trial court erred by admitting prior bad acts

evidence, both as a due process matter and because the trial court did not hold a hearing under

People v. Molineux, 168 N.Y. 264 (1901).  Next, petitioner argues that the police violated his

Fourth Amendment rights by arresting him inside his home without a warrant, and that evidence

2

garnered from the resulting search should have been suppressed.  Finally, petitioner argues that his trial counsel was ineffective for failing to pursue the evidentiary issues raised here in his petition.

## DISCUSSION

### I. STANDARD OF REVIEW

Where, as here, the state court has adjudicated the claims advanced as grounds for habeas relief, the Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a federal court to grant habeas relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 409–10 (2000).

A decision "involves an unreasonable application" of federal law where it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Williams, 529 U.S. at 407–08.  A petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  This is a "highly deferential standard," requiring that state courts "be given the benefit of the doubt."  Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation omitted).  The standard, however, "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents."  Harrington, 562 U.S. at 102.

## II.  ANALYSIS OF PETITIONER'S CLAIMS

### A.  Evidence of Prior Bad Acts

Petitioner argues that his constitutional rights were violated by the admission of (1) petitioner's girlfriend's testimony that he had threatened and hit her on previous occasions, and (2) testimony by the security guard at the girlfriend's building that petitioner was in a "state of rage" when he demanded to see her despite the order of protection, the event that precipitated petitioner's arrest later that night.  ECF No. 1-1 at 11.  A claim challenging the admission of prior bad act evidence under Molineux is cognizable on habeas review only if it "rise[s] to the level of constitutional violation."  Roldan v. Artuz, 78 F. Supp. 2d 260, 276 (S.D.N.Y. 2000).

Addressing the constitutional aspect, if any, of these claims, petitioner argues that de novo review applies because the trial court did not hold a Molineux hearing and, therefore, "there is no reasoned decision of the state court" to which this Court can defer.  ECF No. 1-1 at 14.  But the Appellate Division expressly held that petitioner's "contention regarding the admission of evidence of certain prior uncharged crimes is unpreserved for appellate review and, in any event, without merit."  Villanueva, 136 A.D.3d at 1069.  That rejection on the merits is owed AEDPA deference.  Cullen v. Pinholster, 563 U.S. 170, 187 (2011) ("[AEDPA deference] applies even where there has been a summary denial.").  The absence of explanation in the decision means that a habeas court must "determine what arguments or theories could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  Id. at 188; see also Harrington, 562 U.S. at 102.

Habeas relief from state law evidentiary rulings is available only if the trial court's action was so erroneous that it deprived petitioner of his constitutional right to due process.  Estelle v. McGuire, 502 U.S. 62, 68 (1991);  Evans v. Fischer, 712 F.3d 125, 133 (2d Cir. 2013).  Under

this standard, introduction of evidence of prior bad acts must be "so extremely unfair that its admission violates fundamental conceptions of justice." Dowling v. United States, 493 U.S. 342, 352 (1990) (internal citation and quotation omitted). "Such unfairness will only result where: '[T]he erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it. In short it must have been crucial, critical, [and] highly significant.'" McKinnon v. Superintendent, 422 F. App'x 69, 73 (2d Cir. 2011) (quoting Collins v. Scully, 755 F.2d 16, 19 (2d Cir. 1985)).

Petitioner cannot carry this heavy burden. He argues that the jury improperly considered the prior bad acts as evidence of his "intent to kill," ECF No. 1-1 at 13, but that argument is relevant only to the conviction rendered at trial, which found him guilty of a crime requiring an intent to seriously injure. See N.Y. Penal Law § 125.22(1). Here, petitioner seeks relief from the judgment as modified and affirmed by the Appellate Division, which reduced his conviction to aggravated manslaughter in the second degree. Villanueva, 136 A.D.3d at 1068–69. That charge requires only a showing of recklessness, so evidence of petitioner's intent to cause serious injury was not necessary to establish the required *mens rea*. See N.Y. Penal Law § 125.21. His attack on the evidence supporting intent is not a basis for habeas relief because the Appellate Division has already relieved him of the allegedly improper conviction.

Additionally, petitioner's account of the purpose for which the evidence was introduced is without merit. The security guard's testimony that petitioner angrily demanded to see his girlfriend and then punched and choked her when she came outside tended to prove that he violated an order of protection, and petitioner was charged for aggravated criminal contempt for that violation. See ECF No. 6-2 at 185, 191, 259–60; N.Y. Penal Law § 215.52(1). Because the security guard's testimony established the elements of a charged offense, petitioner cannot

challenge admission of the testimony on the ground that it put uncharged prior bad acts before the jury.

The rest of the evidence was introduced to fill in the narrative of petitioner's troubled relationship with his girlfriend—which was the root cause of the chain of events beginning with petitioner's violation of the order of protection and culminating in the officer's death—and not to prove intent as to the manslaughter count or general criminal propensity. Introduction of prior bad acts evidence to provide background or complete a narrative regarding a charged crime is permitted under the Federal Rules of Evidence and is therefore unlikely to violate the Constitution. See United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) (explaining that a "trial court may admit evidence that does not directly establish an element of the offense charged[,] in order to provide background for the events alleged in the indictment") (internal citation omitted).

Petitioner's general assertions, in the alternative, that the evidence "had a prejudicial effect on the entire proceedings" because it "painted [him] as a violent man," ECF No. 1-1 at 13, fall far short of establishing that it was "crucial, critical, [and] highly significant" to his conviction. McKinnon, 422 F. App'x at 73. The Appellate Division reasonably rejected this claim.

B. Illegal Arrest

Petitioner argues that the police illegally arrested him inside his home without a warrant and that evidence resulting from that arrest should have been suppressed. Assuming without deciding that this claim is even reviewable here, see Stone v. Powell, 428 U.S. 465, 494 (1976); Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992), the claim fails to state a basis for habeas relief.

Under Payton v. New York, 445 U.S. 573, 602 (1980), warrantless entry into a home to make an arrest violates the Fourth Amendment unless an exception to the warrant requirement

6

applies or officials obtain consent.  At trial, one of the arresting officers was allowed to offer

hearsay testimony that two other officers had obtained consent from petitioner's father to enter

the apartment.  See ECF No. 6-2 at 369.  Petitioner did not challenge his arrest on direct appeal;

instead, he raised this claim for the first time in support of his § 440 motion.  He supported that

motion with new affidavits by his father and niece, in which they claimed police entered the

apartment without consent.

The § 440 court reasonably rejected these claims.  Petitioner's claim would fail even if a

court accepted his dubious post-trial affidavits from interested witnesses and found that police

lacked consent to enter his apartment because, as the § 440 court observed, "there does not

appear to be any evidence to suppress" as a result of the alleged Fourth Amendment violation.

ECF No. 6-1 at 148.  The prosecution did not introduce any statements petitioner made during

the course of his arrest, and the scuffle that led to an officer's death took place outside the

apartment.  See New York v. Harris, 495 U.S. 14, 18 (1990) (holding that "the rule in Payton was

designed to protect the physical integrity of the home; it was not intended to grant criminal

suspects . . . protection . . . outside their premises where the police have probable cause to arrest

the suspect for committing a crime").

Petitioner asserts that illegally arresting and bringing him outside led to a "dramatic show

up identification" by his girlfriend.  ECF No. 1-1 at 8.  Setting aside that a majority of the

Supreme Court has agreed that precedent generally "forecloses the claim that respondent's face

can be suppressible as a fruit of [an] unlawful arrest," United States v. Crews, 445 U.S. 463, 479

(1980) (White, J., concurring), petitioner's identity was not in question before his girlfriend

pointed him out.  Cf. United States v. Edmons, 432 F.2d 577, 583 (2d Cir. 1970) (Friendly, J.)

(holding that an identification was a suppressible fruit when officers "deliberately seized the

appellants on a mere pretext for the purpose of displaying them" for identification).  Indeed,

petitioner's father confirmed that it was petitioner inside the apartment before police even entered.  ECF No. 6-2 at 211.  Petitioner also points to police testimony about beer cans in his apartment and the smell of alcohol on his person but does not explain how that evidence affected the verdict.  Even assuming that this evidence was wrongfully admitted, that error was harmless because petitioner has failed to show that it had "a 'substantial and injurious effect or influence in determining the jury's verdict[.]'"  Scrimo v. Lee, 935 F.3d 103, 115 (2d Cir. 2019) (quoting Brecht v. Abrahamson, 507 U.S. 619, 638 (1993)).

C.   Ineffective Assistance of Counsel

Petitioner argues that his trial counsel was ineffective for failing to raise the two evidentiary claims asserted in his petition.  Under Strickland v. Washington, petitioner must show (1) deficient performance by counsel, and (2) prejudice.  466 U.S. 668, 688, 691–92 (1984).  "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult [because] [t]he standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."  Harrington, 562 U.S. at 105 (internal quotation and citation omitted).  See also Cullen, 563 U.S. at 190 ("review of [state court's] decision . . .  is doubly deferential [because] [w]e take a highly deferential look at counsel's performance [under Strickland] through the deferential lens of § 2254(d)" (internal quotations and citations omitted).

Under these standards, petitioner's ineffective-assistance claim does not state a basis for habeas relief.  In denying the claim, the § 440 court found that petitioner had failed to show that "counsel could present a colorable argument to challenge admission of the evidence."  ECF No. 6-1 at 168.  Viewed through the lens of double deference that was a reasonable application of Strickland.  As discussed above, the evidentiary arguments petitioner faults his counsel for not making were either meritless, irrelevant, or so weak that they could not have affected the verdict.

8

Declining to raise meritless or futile arguments is not deficient performance.  <u>Aparicio v. Artuz</u>,

269 F.3d 78, 99 (2d Cir. 2001).

**CONCLUSION**

For all the reasons discussed, the application of petitioner George Villanueva for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 is denied in its entirety.  Because petitioner has not

"made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a

certificate of appealability will not issue.

SO ORDERED.

Dated:  Brooklyn, New York
        September 3, 2021

                                          _____s/_____
                                          RAYMOND J. DEARIE
                                          United States District Judge

9